■ LILLIAN REINER et al., Appellants, v. RICHARD KANE, Respondent.— In an action to compel a former employee of two corporations to perform specifically an agreement to sell his stock in said corporations, plaintiffs appeal: (1) from an order of the Supreme Court, Nassau County, entered March 13, 1959, vacating their notice to examine defendant before trial without prejudice to the service of a new notice; and (2) from an order of the same court entered March 12, 1959, vacating defendant's notice to examine plaintiffs before trial — the appeal being limited to so much of said order as vacates the notice without prejudice to the service of a new notice and as fails to enforce plaintiffs' right to priority of examination. Order entered March 13, 1959 affirmed, without costs. No opinion. Appeal from order entered March 12, 1959 dismissed, without costs. Plaintiffs are not parties aggrieved by any provision of said order. The time of the respective parties to serve a new notice or to make a motion at Special Term to examine each other before trial is extended until 20 days after the entry of the order hereon. On proper application, the Special Term may determine the priority of the respective examinations if such a determination becomes necessary or desirable. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ ADELE SHIMKUS et al., Respondents, v. MARSHA SHAINMARK et al., Appellants.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the defendants appeal from a judgment of the Supreme Court, Nassau County, entered October 30, 1959, on a jury verdict of $25,000 for personal injuries in favor of plaintiff wife, and of $15,000 for medical expenses and loss of services in favor of plaintiff husband. Judgment reversed on the facts and a new trial granted, with costs to abide the event, unless, within 20 days after the entry of the order hereon, respondent Adele Shimkus shall stipulate to reduce the amount of the verdict in her favor to $15,000, and the respondent Charles Shimkus shall stipulate to reduce the amount of the verdict in his favor to $5,000, in which event the judgment as so reduced is affirmed, without costs. The appeal is based solely on the ground that the jury's verdict is excessive as to both respondents. Appellants request reversal and a new trial or, in the alternative, that both verdicts be substantially reduced. In our opinion, the verdicts were grossly excessive and should be reduced to the extent indicated. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.